IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Case No. 5:24-cr-45 (CAR) |
| : | |
| MICHAEL PRIEST, : | |
| : | |
| **Defendant.** : | |

## ORDER ON COMPETENCY TO STAND TRIAL

Defendant Michael Priest appeared on February 27, 2025, with counsel, for a hearing to determine his mental competence to stand trial, pursuant to 18 U.S.C. § 4247(d). By order of the Court dated October 22, 2024, (Doc. 37), Defendant was committed to the custody of the Attorney General and was subsequently referred to the Federal Detention Center in Miami, Florida, for purposes of psychological evaluation. Following that evaluation, a written Forensic Evaluation was prepared and submitted to the Court for review. Doc. 49. The Evaluation concludes that Defendant is currently suffering from a mental disease, but that this condition does not presently render him unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.[1]

At the hearing, Defendant was afforded an opportunity to raise any objections to the evaluation and to testify or present any additional evidence in relation to his mental competency. Neither Defendant nor the Government expressed any objections to the written evaluation. Based

---

[1] The report notes that "this opinion is contingent on the continued, consistent compliance with his current medication regimen." (Doc. 49, p. 10). Defendant's counsel expressed concerns that the treating psychiatrist from FDC Miami failed to forward the proper prescription to the facility where Defendant is detained in this district, and that he is not receiving the proper medication regimen as a result. Counsel has been attempting to address this concern through communication with the Marshals Service and at FDC Miami.

on that evaluation, the Court finds by a preponderance of the evidence that Defendant is not currently suffering from a mental disease or defect that would render him mentally incompetent to the extent that he would be unable to understand the nature of the proceedings against him or to assist properly in his defense. In the absence of any evidence of such mental disease or defect, Defendant is competent to proceed with his defense and to participate in a trial or any other proceedings necessary for the resolution of this case.

    **SO ORDERED**, this the 27th day of February, 2025.

                                              s/ Charles H. Weigle
                                              Charles H. Weigle
                                              United States Magistrate Judge